DSC/aac

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA                                    CIVIL ACTION

COMPOSITE STRUCTURES, INC. D/B/A
MARLOW MARINE SALES, a Florida corporation,              **11   16134**

     Plaintiff,

v.                                                 Case No.
                                           Judge:                **DIVISION I**

CONTINENTAL INSURANCE COMPANY,

     Defendant.                                        **RECEIVED**

_____//                DEC 1 2 2011

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW**, the Plaintiff, COMPOSITE STRUCTURES, INC. D/B/A MARLOW

MARINE SALES, a Florida corporation, by and through its undersigned counsel, and

brings this suit against Defendant, CONTINENTAL INSURANCE COMPANY, and

alleges herein as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

    1.    This is an action for damages and declaratory relief, the sums in dispute

which exceed the jurisdictional limits of this court.

    2.    This Court has jurisdiction over this action pursuant to Chapter 86, Florida

Statutes, specifically Section 86.011, Florida Statutes.

    3.    At all times material hereto, the Plaintiff, COMPOSITE STRUCTURES,

INC., D/B/A MARLOW MARINE SALES ("MARLOW"), was a Florida corporation that

built, designed, completed, outfitted, manufactured and sold yachts.

4.    Upon information and belief and at all times material hereto, Defendant CONTINENTAL INSURANCE COMPANY ("CIC") was a Pennsylvania corporation authorized to do business in the state of Florida.

5.    On or about June 11, 2004, MARLOW sold to Robert M. White Trust UTAD February 13, 1991 a 68.8 foot pleasure vessel called SEABIRD II.

6.    Robert M. White Trust UTAD February 13, 1991 employed Debra C.I. Dent ("Dent") and Luther Hall ("Hall") as working seamen aboard the SEABIRD II, and they began employment aboard the SEABIRD II in June 2004.

7.    In February of 2007, Dent and Hall filed a Complaint against COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES, et al. in the United States District Court, Middle District of Florida, Tampa Civil Division, Case No. 8:07-CV-00274-T-30EAG ("Dent Lawsuit"), wherein they alleged that, while working aboard the SEABIRD II, they were exposed to excessive amounts of carbon monoxide which caused them personal injuries and damages.  A copy of the operative Complaint in the Dent Lawsuit is attached hereto as Exhibit "A".

8.    Said lawsuit alleged counts of negligence and strict product liability against MARLOW.

9.    Venue is proper because the Dent Lawsuit was filed in the United States District Court, Middle District of Florida, Tampa Civil Division.

### THE INSURANCE POLICIES

10.    Upon information and belief, CIC issued the following policies of insurance (hereinafter collectively referred to as the "Policies") to Marlow Marine Sales, Marlow Marine Service, Composite Structures, Inc.:

2

   a. Commercial general liability policy under Policy Number ML 0870854 with a policy period of November 30, 2003 through November 30, 2004;

   b. Excess policy under Policy Number EX 0118381 with a policy period of November 30, 2003 through November 30, 2004;

   c. Commercial general liability policy under Policy Number ML 0871243 with a policy period of November 30, 2004 through November 30, 2005; and

   d. Upon information and belief, Policy Number H 1014716 with a policy period of November 30, 2004 through November 30, 2005.

11.    The undersigned is not in possession of a full certified copy of all of the policies referenced above, but anticipates receiving said certified copies of the policies through the discovery process.

## COUNT I – DECLARATORY RELIEF

12.    MARLOW realleges and incorporates the general allegations contained in paragraphs 1 through 11 above.

13.    This is an action for declaratory relief for which the Court has jurisdiction pursuant to Chapter 86, Florida Statutes, specifically Section 86.001, Florida Statutes.

14.    Florida Statute § 627.428 is applicable to this litigation, and MARLOW claims all benefits of said Section, including claims for attorneys' fees and costs.

15.    Florida Statute § 57.104 is applicable to this litigation, and MARLOW claims all benefits of said Section, including claims for legal assistant fees and costs.

16.    Florida Statute § 57.041 is applicable to this litigation, and MARLOW claims all benefits of said Section, including claims for costs.

17.    MARLOW has been required to hire the undersigned to prosecute this action and is contractually obligated to compensate the undersigned for their services.

3

18.    The Dent Lawsuit was filed by Dent and Hall claiming personal injuries and damages against MARLOW.

19.    MARLOW tendered the Dent Lawsuit to CIC, who denied, rejected and failed to defend and indemnify MARLOW with respect to the Dent Lawsuit and the allegations contained therein.  Copies of CIC's denial letters to MARLOW are attached hereto as follows:

a.  Exhibit "B":  Correspondence dated March 21, 2007;

b.  Exhibit "C":  Correspondence dated Mary 16, 2007; and

c.  Exhibit "D":  Correspondence dated August 21, 2007.

20.    MARLOW was forced to hire independent counsel to defend it in the Dent Lawsuit.

21.    MARLOW subsequently reached a confidential settlement with the Plaintiffs in the Dent Lawsuit.

22.    As a result of the Dent Lawsuit, MARLOW is exposed to and/or liable for:

a.  The fees and costs of defending, handling and settling claims against MARLOW; and

b.  The amount of the settlement reached between the Plaintiffs in the Dent Lawsuit and MARLOW for the alleged damages.

23.    Because of the actions of CIC, MARLOW is uncertain as to its rights, duties, and obligations under the subject Policies of insurance and their applicability to the Dent Lawsuit, and MARLOW is in need of a judicial declaration regarding the same. More specifically, MARLOW seeks the following declarations:

a.  That this Court has jurisdiction over the parties in this matter;

b.  That CIC owed a duty to defend MARLOW from the Dent Lawsuit;

4

c. That CIC owed a duty to indemnify MARLOW from the Dent Lawsuit;

d. A declaration of judgment against CIC for all fees and costs incurred by MARLOW in the defending, handling and settling of the Dent Lawsuit that CIC has refused to defend and/or cover;

e. A declaration of judgment against CIC for all interest due on fees and costs incurred and expended by MARLOW;

f. A declaration of judgment against CIC for any and all amounts of settlement funds paid by MARLOW in the Dent Lawsuit;

g. A declaration of judgment against CIC for all interest due on any and all amounts of settlement funds paid by MARLOW in the Dent Lawsuit; and

h. Such other relief as is just and proper.

24.    MARLOW has complied with all conditions precedent to the filing of this lawsuit.    Notwithstanding the same, CIC has denied its obligation to defend and indemnify MARLOW with respect to the Dent Lawsuit and the allegations contained therein.    Alternatively, to the extent that MARLOW has failed to comply with any conditions precedent, the failure of MARLOW to comply with same neither prejudiced nor represented a material breach of the subject Policies of insurance. Alternatively, CIC is stopped from asserting any defenses related to conditions precedent.    More specifically, MARLOW has plainly given notice of the claims which are the subject of the lawsuit to CIC and/or its designated agents for receiving notice of the lawsuit.

**WHEREFORE**, the Plaintiff, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES, respectfully requests that this Honorable Court declare the rights of the parties as follows:

a. That this Court has jurisdiction over the subject matter;

b. That this Court has jurisdiction over the parties in this matter;

5

c. That CIC owed a duty to defend MARLOW in the Dent Lawsuit;

d. That CIC owed a duty to indemnify MARLOW in the Dent Lawsuit;

e. A declaration of judgment against CIC for all fees and costs incurred by MARLOW in the defending, handling and settling of the Dent Lawsuit that CIC has refused to defend and/or cover;

f. A declaration of judgment against CIC for all interest due on fees and costs incurred and expended by MARLOW in the Dent Lawsuit;

g. A declaration of judgment against CIC for any and all amounts of settlement funds paid by MARLOW in the Dent Lawsuit;

h. A declaration of judgment against CIC for all interest due on any and all amounts of settlement funds paid by MARLOW in the Dent Lawsuit;

i. That CIC owes attorneys' fees and costs to MARLOW incurred in this action pursuant to Florida Statute § 627.428;

j. That CIC owes legal assistant fees and costs to MARLOW incurred in this action pursuant to Florida Statute § 57.104;

k. That CIC owes costs to MARLOW incurred in this action pursuant to Florida Statute § 57.041; and

l. Such other relief as is just and proper.

## COUNT II – BREACH OF CONTRACT AGAINST CONTINENTAL INSURANCE COMPANY

25.     The Plaintiff realleges and incorporates the general allegations contained in paragraphs 1 through 11 above.

26.     By CIC's conduct as aforesaid, CIC denied coverage and refused to defend and indemnify MARLOW in the Dent Lawsuit, and therefore CIC breached one or more of the Policies of insurance.

6

27.    By virtue of said breach, CIC caused damage to MARLOW including but not limited to MARLOW incurring attorneys' fees and costs in defending and indemnifying themselves in the Dent Lawsuit.

28.    MARLOW has complied with all conditions precedent to the filing of this lawsuit.  Notwithstanding the same, CIC has denied its obligation to defend and indemnify MARLOW with respect to the Dent Lawsuit and the allegations contained therein.  Alternatively, to the extent that MARLOW has failed to comply with any conditions precedent, the failure of MARLOW to comply with same neither prejudiced nor represented a material breach of the subject contracts of insurance.  Alternatively, CIC is stopped from asserting any defenses related to conditions precedent.  More specifically, MARLOW has plainly given notice of the claims which are the subject of the lawsuit to CIC and/or its designated agents for receiving notice of the lawsuit.

29.    MARLOW has retained the undersigned attorneys and has agreed to pay them reasonable costs and fees.

30.    MARLOW claims their attorneys' fees, legal assistant fees, and costs pursuant to Fla. Stat. § 627.428, § 57.104 and § 57.041, which are applicable to this litigation.

**WHEREFORE**, the Plaintiff, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES, demands judgment against the Defendant CONTINENTAL INSURANCE COMPANY, for Breach of Contract finding as follows:

a. That CIC is in breach of the Policy(ies);

b. An award to MARLOW of damages, plus pre-judgment interest;

c. An award to MARLOW of any and all consequential damages;

7

    d. An award to MARLOW of attorneys' fees and costs pursuant to § 627.428, § 57.104 and § 57.041 of Florida Statutes; and

    e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES, demands a trial by jury of all issues so triable.

DATED this _____ day of December, 2011.

BOYLE & GENTILE, LEONARD & CROCKETT, P.A.
Attorneys for the Plaintiff
2050 McGregor Boulevard
Fort Myers, FL 33901
Telephone: (239) 337-1303
Fax: (239) 337-7674

By: _____
    Mark A. Boyle, Sr.
    FBN: 0005886
    Debbie Sines Crockett
    FBN: 0033706

8

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## MIDDLE  District of  FLORIDA

Debra C. I. Dent and Luther Hall

v.

Composite Structures, Inc., et al.

### SUMMONS IN A CIVIL CASE

CASE NO: 8:07-CV-00274-T-30EAJ

TO: (Name and address of Defendant)

Composite Structures, Inc.
Clyde H. J. Wilson, Registered Agent
27 S. Orange Avenue
Sarasota, FL 34236

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jacob J. Munch, Esquire
Munch and Munch, PA
600 S. Magnolia Avenue, Suite 325
Tampa, FL 33606
Phone (813) 254-1557, Fax (813) 254-5172, sealaw@tampabay.rr.com

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_Denise L. Vought_
(By) DEPUTY CLERK

_February 12, 2007_
DATE

# EXHIBIT A

02/21/2007 15:03 FAX 941+988+7353          WILSON JAPPER                        ☑003

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | 2/21/07 |
| NAME OF SERVER (PRINT) Lyle M. Robinson | TITLE | P.S |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint _____

☐ Returned _____

☑ Other     PAm Welch legal Assn

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed     2/21/07          _____
             Date              Signature of Server
                               PO Box 50009
                               Sarasota FL
                               Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

DEBRA C.I. DENT and LUTHER HALL

Plaintiffs,

vs.                                              CASE NUMBER:

COMPOSITE STRUCTURES, INC. D/B/A
MARLOW MARINE SALES, a Florida corporation,
and ROBERT M. WHITE as TRUSTEE for ROBERT
WHITE TRUST UTAD, FEBRUARY 13, 1991,

Defendant,

_____/

### SEAMEN'S COMPLAINT AND DEAMND FOR JURY TRIAL WITHOUT PREPAYMENT OF FEES

Plaintiffs, Debra C. I. Dent and Luther Hall sue Composite Structures, Inc. d/b/a Marlow Marine Sales and Robert M. White Trust UTAD February 13, 1991, for damages and allege as follows:

### FACTS COMMON TO ALL COUNTS

1.    Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104 and the general maritime law of the United States.

2.    Plaintiff, Debra C. I. Dent is a resident of the state of Florida and was employed as a seaman and member of the crew of the SEABIRD II (USCG official number 1158577) by Defendant, Robert M. White Trust UTAD February 13, 1991.

3.    Plaintiff, Luther Hall is a resident of the state of Texas and was employed as a seaman and member of the crew of the SEABIRD II (USCG official number 1158577) by Defendant, Robert M. White Trust UTAD February 13, 1991.

4.   Defendant, Robert M. White Trust UTAD February 13, 1991 (hereafter White Trust) is the owner of a 2004 pleasure yacht named the SEABIRD II (USCG official number 1158577) and was employer of Plaintiffs, Debra C. I. Dent and Luther Hall at all material times. Defendant White Trust is doing continuous and systematic business within the district by operating a seagoing pleasure vessel on the navigable waters of the State of Florida.   The homeport of the vessel is Long Boat Key, Florida.   Robert White is the trustee of the White Trust.

5.   Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales is a Florida corporation that built, designed, completed, outfitted, manufactured and sold to Defendant, White Trust on June 11, 2004 the 68.8 foot pleasure vessel SEABIRD II.

6.   At all material times the Plaintiffs, Debra C. I. Dent and Luther Hall were employed and working as seamen aboard the SEABIRD II.  The Plaintiffs began employment aboard the SEABIRD II in June 2004.

7.   Defendant, White Trust purchased the SEABIRD II from Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales on June 11, 2004.  The vessel was completed, furnished, sold and delivered to Defendant, White Trust at the Marlow Marine Snead Island boat yard within this district.  Venue is proper under 28 U.S.C. 1391.

8.   During the time that plaintiffs worked as seamen aboard the SEABIRD II they were exposed to excessive amounts of carbon monoxide (CO), which caused them personal injuries and damages.

## COUNT I

### JONES ACT NEGLIGENCE CLAIM OF PLAINTIFF, DEBRA C. I. DENT AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Debra C. I. Dent repeats and realleges paragraphs 1 through 8 and further alleges:

9.     Plaintiff, Debra C. I. Dent, brings this negligence action against her employer, Defendant, White Trust pursuant to the Jones Act, 46 U.S.C. § 30104.

10.    The Defendant, White Trust had the duty to provide her with a safe place to work, proper tools and equipment, a safe and proper crew and seaworthy vessel.

11.    That Defendant, White Trust breached that duty through the following acts or omission and commission:

   a.    failure to have proper and sufficient CO monitors aboard the vessel SEABIRD II;

   b.    failure to have the vessel properly inspected prior to having it crewed by Plaintiff, Debra C. I. Dent;

   c.    failure to have the vessel's exhaust piping properly installed and vented;

   d.    by failing to have CO monitors in the crew's quarters; and

   e.    by failing to have the interior spaces of the boat properly ventilated.

12.    That the negligence set forth in paragraph 11 was the direct and proximate cause of Plaintiff, Debra C. I. Dent being over exposed to carbon monoxide, which caused her personal injuries.

13.    As a direct and proximate result of Plaintiff, Debra C. I. Dent's exposure to carbon monoxide she has suffered personal injuries and injuries to other parts of her body, all of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Debra C. I. Dent sues Defendant White Trust for compensatory damages jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II

### PLAINTIFF, DEBRA C. I. DENT'S UNSEAWORTHINESS CLAIM AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Debra C. I. Dent repeats and realleges paragraphs 1 through 8 and further alleges:

14.     Plaintiff, Debra C. I. Dent, was employed by Defendant, White Trust as a seaman and was over exposed to carbon monoxide which caused her personal injuries. The personal injuries sustained were caused by the unseaworthiness of the vessel SEABIRD II.

15.     Defendant White Trust as owner, operator and manager of the vessel SEABIRD II, has an absolute and non-delegable duty to provide the plaintiff with a reasonably safe place to work and a seaworthy vessel.

16.     That the Defendant, White Trust's vessel was not reasonably fit for its intended use due to the following conditions:

   a.   failure to have proper and sufficient CO monitors aboard the vessel SEABIRD II;

   b.   failure to have the vessel properly inspected prior to having it crewed by Plaintiff, Debra C. I. Dent;

   c.   failure to have the vessel's exhaust piping properly installed and vented;

   d.   by failing to have CO monitors in the crew's quarters; and

   e.   by failing to have the interior spaces of the boat properly ventilated.

17.   The allegations set forth in paragraph 16 above render the vessel unseaworthy and were the proximate cause of plaintiff's injuries.

18. As a result of the unseaworthiness of the vessel SEABIRD II, Plaintiff,

Debra C. I. Dent, suffered personal injuries and other parts of her body, all of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Debra C. I. Dent sues Defendant White Trust for compensatory damages jointly and severally with other defendants, pro-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT III

## PLAINTIFF, DEBRA C. I. DENT'S CLAIM FOR MAINTENANCE AND CURE AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Debra C. I. Dent repeats and realleges paragraphs 1 through 8 and further alleges:

19.     Upon Plaintiff, Debra C. I. Dent, becoming ill and injured, aforesaid, it became the duty of Defendant, White Trust to furnish Plaintiff with prompt medical care and attention and medicines, including expenses of her maintenance and cure, and his unearned wages to the end of the voyage.

20.     That Defendant, White Trust, has neglected and failed to pay her the expenses of her maintenance while incapacitated, and all her maintenance and cure; and her unearned wages to the end of the voyage.

WHEREFORE, Plaintiff Debra C. I. Dent sues Defendant White Trust for compensatory damages jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

02/21/2007 16:04 FAX 841+850+7563          WILSON JAFFER                                    @009

## COUNT IV

### JONES ACT NEGLIGENCE CLAIM OF PLAINTIFF, LUTHER HALL
### AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Luther Hall repeats and realleges paragraphs 1 through 8 and further alleges:

21.    Plaintiff, Luther Hall, brings this negligence action against his employer, Defendant, White Trust pursuant to the Jones Act, 46 U.S.C. § 30104.

22.    The Defendant, White Trust had the duty to provide him with a safe place to work, proper tools and equipment, a safe and proper crew and a seaworthy vessel.

23.    That Defendant, White Trust breached that duty through the following acts or omission and commission:

      a.    failure to have proper and sufficient CO monitors aboard the vessel SEABIRD II;

      b.    failure to have the vessel properly inspected prior to having it crewed by Plaintiff, Luther Hall;

      c.    failure to have the vessel's exhaust piping properly installed and vented;

      d.    by failing to have CO monitors in the crew's quarters; and

      e.    by failing to have the interior spaces of the boat properly ventilated.

24.    That the negligence set forth in paragraph 23 was the direct and proximate cause of Plaintiff, Luther Hall being over exposed to carbon monoxide, which caused his personal injuries.

25.    As a direct and proximate result of Plaintiff, Luther Hall's exposure to carbon monoxide he has suffered personal injuries and injuries to other parts of his body, all of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

04/21/2001 15:05 FAX 941+950+7505          WILSON JAFFER                              010

care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Luther Hall sues Defendant White Trust for compensatory damages jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT V
## PLAINTIFF, LUTHER HALL'S UNSEAWORTHINESS CLAIM AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Luther Hall repeats and realleges paragraphs 1 through 8 and further alleges:

26.     Plaintiff, Luther Hall, was employed by Defendant, White Trust as a seaman and was over exposed to carbon monoxide, which caused his personal injuries. The personal injuries sustained were caused by the unseaworthiness of the vessel SEABIRD II.

27.     Defendant, White Trust as owner, operator and manager of the vessel SEABIRD II, has an absolute and non-delegable duty to provide the plaintiff with a reasonably safe place to work and a seaworthy vessel and crew.

28.     That the Defendant, White Trust's vessel was not reasonably fit for its intended use due to the following conditions:

   f.  failure to have proper and sufficient CO monitors aboard the vessel SEABIRD II;

   g.  failure to have the vessel properly inspected prior to having it crewed by Plaintiff, Luther Hall;

   h.  failure to have the vessel's exhaust piping properly installed and vented;

   i.  by failing to have CO monitors in the crew's quarters; and

   j.  by failing to have the interior spaces of the boat properly ventilated.

29.     The allegations set forth in paragraph 28 above render the vessel and crew unseaworthy and was the proximate cause of plaintiff's injuries.

02/21/2007 15:05 FAX 941+866+7363          WILSON JAFFER          011

30.   As a result of the unseaworthiness of the vessel SEABIRD II, Plaintiff,

Luther Hall, suffered personal injuries and other parts of his body, all of which required medical aid

and attention.  Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff

has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will

continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment and aggravation of a previous exiting condition.  The plaintiff has sustained a permanent

injury.

WHEREFORE, Plaintiff Luther Hall sues Defendant White Trust for compensatory

damages, jointly and severally with other defendants, pre-judgment interest, post-judgment interest

and costs.  Plaintiff demands a trial by jury.

## COUNT VI

### PLAINTIFF, LUTHER HALL'S CLAIM FOR MAINTENANCE AND CURE AGAINST DEFENDANT, WHITE TRUST

Plaintiff, Luther Hall repeats and realleges paragraphs 1 through 8 and further alleges:

31.   Upon Plaintiff, Luther Hall, becoming ill and injured, aforesaid, it became the duty

of Defendant, White Trust to furnish Plaintiff with prompt medical care and attention and

medicines, including expenses of his maintenance and cure, and his unearned wages to the end of

the voyage.

32.   That Defendant, White Trust, has neglected and failed to pay his the expenses of his

maintenance while incapacitated, and all his maintenance and cure, and his unearned wages to the

end of the voyage.

WHEREFORE, Plaintiff Luther Hall sues Defendant White Trust for compensatory

damages jointly and severally with other defendants, pre-judgment interest, post-judgment interest

and costs.  Plaintiff demands a trial by jury.

04/21/2007 16:06 FAX 941+966+7363    WILSON JAFFER    @012

## COUNT VII

### PLAINTIFF, DEBRA C.I. DENT'S NEGLIGENCE CLAIM AGAINST DEFENDANT, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES

Plaintiff, Debra C. I. Dent repeats and realleges paragraphs 1 through 8 and further alleges:

33.  Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales, Inc. had the duty to properly and safely design, manufacture, assemble, inspect and distribute the product it was selling and distributing, namely the 68 foot pleasure boat SEABIRD II.

34.  Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales breached its duty and was negligent through the following acts of omission and commission:

   a.  by failing to have sufficient and proper CO monitors on the vessel;

   b.  by failing to have the exhaust system properly vented and piped;

   c.  by failing to have CO monitors in the crews' quarters and other interior spaces;

   d.  by failing to properly test and inspect the vessel once assembled, completed and being made ready for delivery;

   e.  by failing to have the crews' quarters and interior spaces properly ventilated.

   f.  by designing and manufacturing the generator to exhaust into the common drain, which caused CO to accumulate in the vessel's interior spaces.

35.  As a direct and proximate result of the negligence of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales as set forth in paragraph 34, Plaintiff Debra C. I. Dent sustained personal injuries from CO exposure.

36.  As a direct and proximate result of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales' negligence, Plaintiff, Debra C. I. Dent sustained personal injuries of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Debra C. I. Dent sues Defendant Composite Structures, Inc. d/b/a Marlow Marine Sales for compensatory damages jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT VIII

### PLAINTIFF, LUTHER HALL'S NEGLIGENCE CLAIM AGAINST DEFENDANT, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES

Plaintiff, Luther Hall repeats and realleges paragraphs 1 through 8 and further alleges:

37    Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales had the duty to properly and safely design, manufacture, assemble, inspect and distribute the product it was selling and distributing, namely the 68 foot pleasure boat SEABIRD II.

38.    Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales breached its duty and was negligent through the following acts of omission and commission:

a.   by failing to have sufficient and proper CO monitors on the vessel;

b.   by failing to have the exhaust system propedy vented and piped;

c.   by failing to have CO monitors in the crews' quarters and other interior spaces;

d.   by failing to properly test and inspect the vessel once assembled, completed and being made ready for delivery;

e.   by failing to have the crews' quarters and interior spaces properly ventilated.

f.   by designing and manufacturing the generator to exhaust into the common drain, which caused CO to accumulate in the vessel's interior spaces.

39.    As a direct and proximate result of the negligence of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales as set forth in paragraph 38, Plaintiff Luther Hall sustained personal injuries from CO exposure.

40.    As a direct and proximate result of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales negligence, Plaintiff, Luther Hall sustained personal injuries of which

04/21/2007 15:06 FAX 941+955+7355      WILSON JAFFER                    ☒014

required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Luther Hall sues Defendant Composite Structures, Inc. d/b/a Marlow Marine Sales for compensatory damages, jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT IX

### PLAINTIFF, DEBRA C. I. DENT'S STRICT PRODUCT LIABILITY CLAIM AGAINST DEFENDANT, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES

Plaintiff, Debra C. I. Dent repeats and realleges paragraphs 1 through 8 and further alleges:

41.     Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales designed, manufactured, assembled, distributed and sold to Defendant, White Trust the 68.8 foot boat SEABIRD II (USCG official number 1158577).

42.     The boat was designed to be used upon navigable waters as a pleasure vessel. The vessel had accommodations for a crew that was to live aboard the vessel.

43.     Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales is in the business of designing, manufacturing, assembling, distributing and selling boats such as the SEABIRD II.

44.     Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales placed the boat on the market with the knowledge that it would be used without inspection for defects.

45.     The boat was defectively designed and manufactured so as to be unreasonably dangerous to crew members working on the boat:

a.   The boat failed to have proper and sufficient carbon monoxide monitors in the interior spaces to warn crew of dangerous levels of carbon monoxide.

b.   The generator exhaust improperly went into the common drain, which caused carbon monoxide to accumulate in the vessel's interior spaces.

46.   The intended use of the vessel was that of a pleasure yacht, which was to be manned by a professional captain and crew that lived aboard the vessel in their own quarters, which were separate from the owner's quarters.

47.   The defect in the SEABIRD II was a legal cause of the injuries to Plaintiff, Debra C. I. Dent in that it directly and in natural and continuous sequence produced or contributed substantially to such injuries.

48.   As a direct and proximate result of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales' defective product, Plaintiff, Debra C. I. Dent sustained personal injuries of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff Debra C. I. Dent sues Defendant Composite Structures, Inc. d/b/a Marlow Marine Sales for compensatory damages, jointly and severally with other defendants, pre-judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT X

### PLAINTIFF, LUTHER HALL'S STRICT PRODUCT LIABILITY CLAIM AGAINST DEFENDANT, COMPOSITE STRUCTURES, INC. D/B/A MARLOW MARINE SALES

Plaintiff, Luther Hall repeats and realleges paragraphs 1 through 8 and further alleges:

49.   Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales designed, manufactured, assembled, distributed and sold to Defendant, White Trust the 68.8 foot boat SEABIRD II (USCG official number 1158577).

50.   The boat was designed to be used upon navigable waters as a pleasure vessel. The vessel had accommodations for a crew that was to live aboard the vessel.

51.   Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales is in the business of manufacturing, assembling, distributing and selling boats such as the SEABIRD II.

52.   Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales placed the boat on the market with the knowledge that it would be used without inspection for defects.

53.   The boat was defectively designed and manufactured so as to be unreasonably dangerous to crew members working on the boat:

   a.   The boat failed to have proper and sufficient carbon monoxide monitors in the interior spaces to warn crew of dangerous levels of carbon monoxide.

   b.   The generator exhaust improperly went into the common drain, which caused carbon monoxide to accumulate in the vessel's interior spaces.

54   The intended use of the vessel was that of a pleasure yacht, which was to be manned by a professional captain and crew that lived aboard the vessel in their own quarters, which were separated from the owner's quarters.

55.   The defect in the SEABIRD II was a legal cause of the injuries to Plaintiff, Luther Hall in that it directly and in natural and continuous sequence produced or contributed substantially to such injuries.

56.   As a direct and proximate result of Defendant, Composite Structures, Inc. d/b/a Marlow Marine Sales' defective product, Plaintiff, Luther Hall sustained personal injuries of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

02/21/2007 15:07 FAX 941+955+7353          WILSON JAFFER                    ✓ 017

care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a

permanent injury.

WHEREFORE, Luther Hall sues Defendant Composite Structures, Inc. d/b/a Marlow

Marine Sales, Inc. for compensatory damages, jointly and severally with other defendants, pre-

judgment interest, post-judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH, ESQUIRE
MUNCH AND MUNCH, P.A.
600 S. Magnolia Avenue, Suite 325
Tampa, Florida 33606
Phone: (813) 254-1557
Fax:    (813) 254-5172
Florida Bar Number 376523
E-mail: sealaw@tampabay.rr.com
Attorneys for Plaintiffs, Dent & Hall

*AOD/WAB/FILE*
*For B.6??*

# CNA

333 South Wabash
Chicago, IL 60604

March 21, 2007

**SENT VIA CERTIFIED MAIL**
266-7035, x5510

barbara.berndt@cna.com

MARLOW-CANNOVA GROUP, INC.
Attn: Michael Cannova
4204 13th Court West
Palmetta, FL 34221

Barbara A. Berndt-Verbeck
Claims Specialist
Law Department, 19th Floor
Environmental & Mass Tort Claims
Telephone     312-822-5510
Toll Free:            800-

Facsimile       312-817-1645
Internet

Re:   *Debra C.I. Dent and Luther H all vs. Composite Structures,*
      *Inc., et al.*   (In the United States District Court,
      Middle District of Florida, Tampa Civil Division).

      Claim No.:      E2 325236
      Insured:   Marlow-Cannova Group, Inc.

Dear Mr. Cannova:

This will acknowledge receipt of notic  e of a lawsuit   entitled
*Debra C.I. Dent and Luther Hall   vs. Composite Structures, Inc.,*
*et al.*    , file in the United  States District Court, Middle
District of Florida, Tampa Civil Division . Continental Casualty
Company, on behalf of underwriting companies   authorized to use
the CNA service mark, has begun a search to locate a copy of the
alleged policy against which this claim is made, namely, alleged
policy number H1014716, effective dates and policy limits unknown
at this time.

*If you have copies o f or other information concerning the above -*
*referenced policy, please forward such policy and/or evidence of*
*the policy to us.    Please also advise when Marlow-Cannova Group,*
*Inc. first received notice of the se claims prior to the lawsuit*
*being filed, or,  if the insured first received notice of these*
*claims via the above-referenced lawsui t, please so advise.*

*This letter will also serve as our request that you advise us of*
*which insurers have been placed on notice of this matter, their*
*respective coverage po sitions, all policy numbers, effective*
*dates, type of insurance provided, policy limits, and the name*
*and. telephone number of all contact persons.*

Based on our review the above   -referenced Complaint, i t is our
understanding that this lawsuit involves allega tions that on  or
about June 11, 2004,   Composite Structures, Inc. d/b/a Marlow
Marine Sales, sold a 68 foot pleasure vessel  named "Seabird II"

**EXHIBIT B**

March 21, 2007
Re:  Claim No. E2 325236
Page 2
to co-defendant Robert White Trust UTAD, February 13, 1991 ("The
Trust").  Plaintiffs were both employees of Th e Trust and worked
aboard the Seabird II at which time they were allegedly exposed
to "excessive amounts of carbon monoxide  . . . which caused them
personal injuries and damages."

It is our understanding that by giving us notice of this lawsuit,
you are requesting we  provide a defense and indemnification to
Marlow-Cannova Group, Inc.  At this time we cannot confirm either
the issuance of or the terms and conditions of the alleged
policy, thus we cannot determine whether there is a duty to
defend and or      indemnify Marlow  -Cannova Group, Inc.
Notwithstanding, we have been advised by CHUBB that they have
retained Paul M. Weekley, Esq., of the  Burton, Schulte, Weekley,
McLaughlin & Beytin firm to represent your interests in this
matter.  If this is not the ca    se, please ensure you retain
counsel to protect your interests in the defense of this matter.

Once we have received sufficient information concerning the
alleged policy and additional information regarding the
circumstances giving rise to this claim, we wi    ll be able to
convey to you our coverage determination with respect to this
matter.  Please be advised that there could be reasons why
coverage for this matter may not be available.  We reserve the
right to deny or limit coverage in the event of the following:

1. Whether notice of claim and occurrence were timely and
   in accordance  with the terms of the policy;

2. Whether the loss occurred outside the  policy period;

3. Whether the loss constitutes an "occurrence" as
   defined by the policy;

4. Whether the loss is for "p  roperty damage" or "bodily
   injury" as defined by the policy ;

5. Whether the loss constitutes "damages" within the
   meaning of the policy;

6. Whether any amounts incurred by the insured
   constitutes voluntary payments under the policy;

7. Whether this loss was known  by the insured prior to
   the inception of the policy;

8. Whether any portion of the loss seeks punitive damage,
   fines, exemplary damages, penalties or injunctive
   relief;

9. Whether this loss may be excluded by operation of any
   applicable pollution exclusion conta  ined within the
   policy;

March 21, 2007
Re:  Claim No. E2 325236
Page 3

10.  Whether the terms of the policy requires that a
     defense be provided to the insured;

11.  Whether the insured has fulfilled all of its duties
     under the policy, including the cooperation clause;

12.  Whether there is any other insurance which a pplies to
     this claim;

13.  Whether the policy or portions thereof, under which
     coverage is claimed have been lost or the terms
     thereof cannot be determined;

14.  Whether the insured's liability arise out of
     obligations assumed under a contract;

15.  Whether the entit y liable for the loss is a named
     insured or otherwise entitled to coverage under the
     policy;  and,

16.  Whether the loss was "expected" or "intended" by the
     insured.

The above listing is not intended to be an exhaustive statement
of all the reasons upon which w    e may rely for our coverage
position.  Until such time as we have sufficient information and
factual information concerning the circumstances of this claim to
make a coverage determination, we reserve our right to assert any
and all defenses to or    limitations upon coverage that may be
available at law or in equity under any and all    policies of
insurance that may have been issued by any CNA company to Marlow-
Cannova Group, Inc.  Therefore, we reserve the right to disclaim
or limit coverage based upon  any term, condition, provision or
exclusion of the policy not specifically stated herein.

We reserve the right to supplement this reservation of rights if
warranted by subsequently obtained information.  Please be
advised that nothing contained within thi s letter and no action
taken by us to monitor or investigate this matter should be
construed as a waiver of any of our rights.  Should you have any
information which you feel should have a bearing upon our
coverage determination, please send it to my atten        tion
immediately.

I look forward to receiving the requested information.  If you
wish to discuss this matter, please do not hesitate to contact
me.

Sincerely,

March 21, 2007
Re:  Claim No. E2 325236
Page 4
Barbara A. Berndt-Verbeck
Claims Specialist
Continental Casualty Company


/bav


cc:  Lanier Upshaw

March 21, 2007
Re:   Claim No. E2 325236
Page 5


Ms. Leslie A. Hanley
LANIER UPSHAW
1715 North Westshore Blvd., Suite 790
Tampa, FL 33607



# CHUBB GROUP OF INSURANCE COMPANIES

3000 Bayport Drive, Tampa, FL 33607-8410
Phone: (813) 281-7400

*filed*

*docketed*

4.9.07'

Certified Return Receipt Requested

**Marlow – Cannova Group, Inc.**
**4204 13ᵗʰ Court West**
**Palmetto, FL 34221**
**Attn: Mr. Michael Cannova**

APR 1 0 2007

| RE: | Insured: | Marlow Marine Sales, Inc. |
| | Policy No. & Type: | 79540988 / 01 (General Liability) |
| | Date of Loss: | 7.5.04' – 1.22.05' |
| | Writing Company: | Federal |
| | Claimant/Plaintiff: | Dent & Hall |

Dear Mr. Cannova:

As you are aware, we have been defending your interests to this matter. It has recently come to our attention per the plaintiffs opposition to our prior motion to dismiss, that the alleged exposure to the carbon monoxide was from 7.5.04' through 1.22.05'.

The alleged exposure &/or potential damages would have resulted prior to your inception of general liability insurance through "Federal" which began on 11.30.05' (a formal coverage position will be forthcoming).

As a result, we will be withdrawing our defense of this action within the next thirty day's or 5.9.07'. I had advised you previously to put your prior carriers on notice & will make the same request now for there participation or potential handling. If no carriers have responded, please take the appropriate measures to defend your continued interests.

Please contact me direct with any queries.

Respectfully,
Chubb & Son
A Division of Federal Insurance Company

Eric Doyle
Sr. Litigation Examiner, Claims Officer, CCLS
Direct No. 813.281.7517
Fax No. 813.281.1007
Edoyle@chubb.com

CC:   Lanier Upshaw, Inc.
       Paul Weekley, Esq.
       Aubrey O'Dicus, Esq.

*file* c

# CNA

333 South Wabash
Chicago, IL 60604

May 16, 2007

**SENT VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

MARLOW-CANNOVA GROUP, INC.
Attn: Michael Cannova
4204 13th Court West
Palmetta, FL 34221

Barbara A. Berndt-Verbeck
Claims Specialist
Law Department, 19th Floor
Environmental & Mass Tort Claims
Telephone        312-822-5510
Toll Free:       800-266-7035, x5510
Facsimile        312-817-1645
Internet         barbara.berndt@cna.com

MAY 1 8 2007

Re:   *Debra C.I. Dent and Luther Hall vs. Composite Structures, Inc.,* et al. (In the
       United States District Court, Middle District of Florida, Tampa Civil Division).

         Claim No.:     E2 325236
         Insured:       Marlow-Cannova Group, Inc.

Dear Mr. Cannova:

This will further acknowledge receipt of notice of a lawsuit entitled *Debra C.I. Dent
and Luther Hall vs. Composite Structures, Inc.,* dba *Marlow Marine Sales,* et al.,
filed in the United States District Court, Middle District of Florida, Tampa Civil
Division. Continental Insurance Company ("CIC") has located a copy of the policy
against which this claim was made, namely, policy number H1014716, with effective
dates of 11/30/04 – 11/30/05. Please be advised that CIC has also located copies of
the following policies:

| POLICY NUMBER | EFFECTIVE DATES |
| --- | --- |
| ML 0870854 | 11/30/03 – 11/30/04 |
| ML 0871243 | 11/30/04 – 11/30/05 |
| EX 0118381 | 11/30/03 – 11/30/04 |

**As discussed in more detail below, CIC regrets to inform you that we must decline
to defend and/or indemnify Marlow Marine Sales, Marlow Marine Service, Marlow
Marine Sales & Service and/or Composite Structures, Inc. dba (hereinafter
"insureds") regarding the lawsuit filed by Debra C.I. Dent and Luther Hall for
personal injury. Please ensure that you retain counsel to defend your interests in
the lawsuit.**

**FACTS:**

Based on our review the above-referenced Complaint and from information obtained
from documents filed in conjunction with a motion to dismiss filed on your behalf by
Paul Weekly, Esq., the attorney hired by CHUBB, it is our understanding that this

**EXHIBIT C**

May 16, 2007
Re:  Claim No. E2 325236
Page Page 2

lawsuit involves allegations that on or about June 11, 2004, Composite Structures, Inc. d/b/a Marlow Marine Sales, sold a 68 foot pleasure vessel named "Seabird II" to co-defendant Robert White Trust UTAD, February 13, 1991 ("The Trust").  Plaintiffs were both employees of The Trust and worked aboard the Seabird II.  During the time frame of 7/5/04 – 1/22/05, Plaintiffs were allegedly exposed to "excessive amounts of carbon monoxide . . . which caused them personal injuries and damages".

CIC first received notice of this loss/lawsuit from your agent Lanier Upshaw on or about March 7, 2007.

**COVERAGE:**

CIC policy numbers ML 0870854 and ML 0871243 with effective dates of 11/30/03 – 11/30/04 and 11/30/04 – 11/30/05, respectively, are Marine Services Liability Policies. Said policies each include form number ML 005 ED. 9/97 entitled "Commercial General Liability Coverage Form", which states, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1.  **Insuring Agreement**
>
>     a.  We will pay those sums, in excess of the deductible, that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .
>
> . . .
>
> **Exclusions.**
>
> This insurance does not apply to:
>
> . . .
>
>     f.    (1)    "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
>
> . . .
>
> Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, oil, petroleum products, chemicals and waste. . . .

May 16, 2007
Re: Claim No. E2 325236
Page Page 3

These policies also include form number ML 003 ED. 9/97 entitled "Pollution Buy Back" which states, in pertinent part, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

. . .

The exclusion relating to pollution and/or contamination is deleted and replaced by the following:

A.   This insurance does not apply to:

1.   Any loss, damage, cost, liability, expense, fine or penalty:

   (a.)   Which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time;

   . . .

   (b.)   Paragraph A. above shall not apply, however, provided that you establish that all of the following conditions have been met:

      1.   The "occurrence" was neither expected nor intended by the insured. An "occurrence" shall not be considered unintended or unexpected unless caused by some intervening event neither foreseeable nor intended by the insured.

      2.   The "occurrence" can be identified as commencing at a specific time and date during the term of this policy.

      3.   The "occurrence" became known to the insured within seven-two (72) hours after its commencement.

      4.   The "occurrence" was reported in writing to us within thirty (30) days after having become known to the insured.

      5.   The "occurrence" did not result from the insured's intentional and willful violation of any government statute, rule or regulation.

May 16, 2007
Re: Claim No. E2 325236
Page Page 4

**The alleged bodily injuries are precluded by the terms of the quoted pollution exclusion as stated in section (A)(1)(a.), above. The Pollution Buy Back Endorsement in section A(1)(b.) does provide an exception to the exclusion, however, all 5 of the conditions must be met in order for the exception to apply. Because the insured is unable to establish that Plaintiffs' exposure to carbon monoxide became known to them within seventy-two (72) hours after its commencement on or about July 5, 2004, CIC must disclaim coverage under these two policies. CIC also reserves its right to deny coverage on the basis of noncompliance with any of the other conditions.**

CIC policy number EX 0118381 with effective dates of 11/30/03 – 11/30/04 is a Marine Manuscript Excess Policy that has policy limits of $3,000,000 in excess of CIC's policy number ML 0870854 with limits of $1,000,000 per occurrence, with retained limits of $25,000. This excess policy contains form number EXC-206 (1/93) entitled "Pollution Buy-Back Endorsement for MOAC Marine Manuscript Excess Liability Policy Forms EX-4 and EX-5" which states, in pertinent part, as follows:

A.   **COVERAGE:**

In consideration of the premium charged, it is hereby understood and agreed that where Pollution Coverage is provided in Underlying Insurance identified in a schedule attached to this policy, Clause II (e) of the Supplemental Clauses is deleted and this policy shall include Pollution Liability coverage only excess of such policies but in no event shall coverage hereunder be greater than as follows. . .

**As discussed above, there is no Pollution Coverage in underlying policy number ML 0870854. Therefore, CIC must disclaim coverage under this excess policy, for both defense and indemnity, as the alleged bodily injury is precluded by the terms of the quoted pollution exclusion.**

CIC policy number H 1014716 with effective dates of 11/30/04 – 11/30/05 includes form number HL 249 Ed 6/92 entitled "Boat Dealers and Marine Operators Coverage Form" which states, in pertinent part, as follows:

4.   **COVERAGE D – PROTECTION AND INDEMNITY**

We will pay those sums you become legally obligated to pay as damages because of Bodily Injury or Property Damage due to an occurrence involving Covered Property and arising out of your normal business operations.

a.   **Covered Property**

Covered Property means any "boats" covered under Coverage A, Coverage B or Coverage C of this policy, but only while such "boats" are afloat within the specified territorial limitations.

May 16, 2007
Re: Claim No. E2 325236
Page Page 5

**Coverage A** states that Covered Property:

> "[M]eans 'boats' . . . which are held for sale, sold but not delivered or held for testing or examination prior to trade-in. The property may be your property or the property of others in your care, custody or control for which you are legally liable."

**Coverage B** states that Covered Property:

> "[M]eans 'boats' which are owned by you, used in conducting your normal business operations and described in the Declarations for Coverage B."

**Coverage C** states that Covered Property:

> "[M]eans any property of others in your care, custody or control . . .".

Because the insured sold the 68 foot pleasure vessel named "Seabird II" to The Trust on or about June 11, 2004, <u>CIC must disclaim coverage under this policy, for both defense and indemnity, as the alleged bodily injury did not occur on or involve covered property.</u>

Form HL 249 Ed 6/92 also states, in pertinent part, as follows:

    **B.**    **EXCLUSIONS**

        **1.**    **General Exclusions (Applicable to Coverages, A, B, C and D)**

        . . .

            **d.**    **Pollutants**

                **(1)**    The actual, alleged, threatened discharge, dispersal, seepage, migration release or escape of "pollutants" at any time . . .

           . . .

    **F.**    **DEFINITIONS**

    . . .

        **2.**    **"Pollutants"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste . . .

<u>Based on the above, CIC must also disclaim coverage under policy number H 1014716, for both defense and indemnity, as the alleged bodily injury is precuded by the terms of the quoted pollution exclusion.</u>

If you are aware of further information which you believe causes this matter to fall within the coverage provided by any policy issued by CNA, please forward such information to my attention and this matter will be reevaluated. We reserve the right to supplement this reservation of rights if warranted by subsequently obtained

May 16, 2007
Re: Claim No. E2 325236
Page Page 6

information. Nothing in this letter and no actions taken to investigate this matter further shall be construed as a waiver of any rights or defenses available to CNA under any such policy.

Please contact me directly by telephone at 312-822-5510 (Toll-Free 800-266-7035 x 5510) or via e-mail at barbara.berndt@cna.com if you have any questions.

Sincerely,

Barbara A. Berndt-Verbeck
Claims Specialist
*Continental Insurance Company*

/bav

cc:     Lanier Upshaw

        Paul Weekly, Esq.

        Aubrey O. Dicus, Jr. w/ copies of policies via over night mail and Via e-mail w/o copies of policies - adicu@brdwlaw.com

# CNA



333 South Wabash
Chicago, IL 60604

August 21, 2007

**SENT VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

MARLOW-CANNOVA GROUP, INC.
Attn: Michael Cannova
4204 13th Court West
Palmetto, FL 34221

Aubrey O. Dicus, Esq.
BATTAGLIA, ROSS, et al.
980 Tyrone Blvd.
P.O. Box 4110
St. Petersburg, FL 33743-1100

Barbara A. Berndt-Verbach
Claims Specialist
Law Department, 19th Floor
Environmental & Mass Tort Claims
Telephone       312-822-5510
Toll Free:      800-266-7035, x5510
Facsimile       312-817-1645
Internet        barbara.berndt@cna.com

Re:   **Debra C.I. Dent and Luther Hall vs. Composite Structures, Inc., et al.** (In the
      United States District Court, Middle District of Florida, Tampa Civil Division).

      Claim No.:    E2 325236
      Insured:      Marlow-Cannova Group, Inc.

Dear Messrs. Cannova and Dicus:

This will supplement our letters of March 21, 2007 and May 16, 2007, acknowledging
receipt of notice of a claim/lawsuit regarding the above-referenced matter. This will
also acknowledge receipt of Aubrey O. Dicus, Jr.'s letter to the undersigned dated
August 6, 2007.

_As discussed in more detail below, Continental Insurance Company ("CIC") regrets
to inform you that we must stand by our coverage position and decline to defend
and/or indemnify Marlow Marine Sales, Marlow Marine Service, Marlow Marine
Sales & Service and/or Composite Structures, Inc. dba (hereinafter "Insureds")
regarding the lawsuit filed by Debra C.I. Dent and Luther Hall for personal injury.
Please ensure that you continue to retain counsel to defend your interests in the
lawsuit._

Mr. Dicus' 8/6/07 letter does not address our declination of coverage for policy
numbers EX 0118381 with effective dates of 11/30/03 – 11/30/04, and policy number
H 1014716 with effective dates of 11/30/04 – 11/30/05. Accordingly, we will take the
position that you do not dispute our coverage determination as to those policies.

**EXHIBIT D**

August 21, 2007
Re: Claim No. E2.325236
Page Page 2

It appears that Mr. Dicus' dispute as to our coverage position focuses on policy numbers of ML 0870854 and ML 0871243, insofar as he references the Pollution Buy Back endorsement contained in those policies. Mr. Dicus claims in his August 6, 2007 letter that we "have provided no basis to support [CIC's] understanding that the insured cannot show that they received knowledge of the incident within 72 hours after its commencement." To reiterate our position, Plaintiffs allege that they were exposed to carbon monoxide fumes during the time frame of **7/5/04 ~ 1/22/05** and allegedly sustained personal injuries as a result of said exposure. The Pollution Buy Back states in section A(1)(b) as follows:

> (b.) Paragraph A. above shall not apply, however, provided that you establish that all of the following conditions have been met:
>
> > 1. The "occurrence" was neither expected nor intended by the insured. An "occurrence" shall not be considered unintended or unexpected unless caused by some intervening event neither foreseeable nor intended by the insured.
> >
> > 2. The "occurrence" can be identified as commencing at a specific time and date during the term of this policy.
> >
> > 3. The "occurrence" became known to the insured within seven-two (72) hours after its commencement.
> >
> > 4. The "occurrence" was reported in writing to us within thirty (30) days after having become known to the insured.
> >
> > 5. The "occurrence" did not result from the insured's intentional and willful violation of any government statute, rule or regulation.

Thus, "you", the insured, has the burden and must establish that **all** of the quoted conditions were met. The insured has provided no documents or other evidence that they received knowledge of Plaintiffs' exposure within 72 hours of **July 5, 2004, the time the exposure allegedly commenced.** If you have any documentation or other evidence to satisfy this condition, please forward said evidence to my attention for further evaluation.

Mr. Dicus also states that "we believe condition 3 is unreasonable as a matter of law as is condition 4, which is inherently intertwined with the knowledge condition set forth in condition 3." Mr. Dicus' letter is silent as to any supporting law that supports his statement, therefore, this letter will serve as our request that he forward citations

August 21, 2007
Re: Claim No. E2 325236
Page Page 3

to statutes and/or case law to support his position that conditions 3 and 4 are "unreasonable as a matter of law."

Contrary to Mr. Dicus' opinion, no part of Endorsement ML 003 ED. 9/97 is unreasonable as Part 1(a) clearly is a total pollution exclusion and Part (b) reinstates limited coverage if, and only if, all of the very specific conditions are met. Similar to Condition 3 discussed above, to date, we have received no evidence or documentation that the 4th requirement was satisfied, namely, that the "occurrence" (Plaintiffs' exposure to carbon monoxide) was reported, in writing, to CIC within 30 days after the insured became aware of the exposure. If you have any documentation or other evidence to satisfy this condition, please forward said evidence to my attention for further evaluation.

_Based on the above, CIC must disclaim coverage under all policies as previously outlined in our letter of March 21, 2007, and as further outlined in this letter. Coverage continues to be disclaimed for both defense and indemnity, as the alleged bodily injury is precluded by the terms of the quoted pollution exclusions as referenced in this and our 3/21/07 letter. Because of our declination of coverage, please continue to have Mr. Dicus' firm defend the insured or retain other counsel, at the insured's expense, if Mr. Dicus' firm is unable to continue to defend the insured._

If you are aware of further information which you believe causes this matter to fall within the coverage provided by any policy issued by CIC, please forward such information to my attention and this matter will be reevaluated. We reserve the right to supplement this reservation of rights if warranted by subsequently obtained information. Nothing in this letter and no actions taken to investigate this matter further shall be construed as a waiver of any rights or defenses available to CIC under any such policy.

Please contact me directly by telephone at 312-822-5510 (Toll-Free 800-266-7035 x 5510) or via e-mail at barbara.berndt@cna.com if you have any questions.

Sincerely,

Barbara A. Berndt-Verbeck
Claims Specialist
Continental Insurance Company


/bav

cc:      Lanier Upshaw